## Hausman's Estate.

*Wills—Construction—Gift to right heirs after life estate.*

Under a gift over, after one or more life estates, to testator's "right heirs, including therein" his stepbrother and his heirs, the right heirs are to be ascertained as of the date of testator's death, as distinguished from the period of distribution.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1914, No. 28.

The facts appear from the following extract from the adjudication of VAN DUSEN, J., Auditing Judge:

"This is an account of testator's residuary estate which he devised and bequeathed in trust to pay the net income, after defraying the cost of keeping the graves in his cemetery lot in good condition, to his son, George M. Hausman, and his sisters, Mary A. Hausman and Dorothy Hesser, and upon the death of all of them, George M. Hausman leaving no issue him surviving, to testator's right heirs, 'including therein my stepbrother, William J. Gruhler, and his heirs.'

"Both Mary A. Hausman and Dorothy Hesser died without issue; and the account is filed at this time because of the death of George M. Hausman, the last survivor of the life-tenants, on Dec. 17, 1924, without leaving issue him surviving.

"The petition for distribution suggests that the principal should be distributed, one-fourth to Harry L. Hausman, one-fourth to Lucretia G. Hausman, children of John Hausman, who died before the last life-tenant; and one-half to William L. Gruhler, a son of William J. Gruhler, a deceased stepbrother, who also died before the last life-tenant. This is on the theory that the 'right heirs' of the decedent are to be determined at the time of distribution, which is at the termination of the life estates. (In such case, however, under section 9 (*b*) of the Intestate Act of 1917, these persons would all take equally.) But the general rule is that a testator's heirs are to be determined at the time of his death, unless the will shows an intention to the contrary; and this is so, even though the person who answers the description of heir is also a life-tenant: Buzby's Appeal, 61 Pa. 111; Stewart's Estate, 147 Pa. 383; Abel's Estate, 23 Pa. Superior Ct. 531; Tatham's Estate, 250 Pa. 269; Groninger's Estate, 268 Pa. 184; Murphey's Estate, 276 Pa. 498; McDowell's Estate, 5 D. & C. 439; Reilly's Estate, 5 D. & C. 425.

"It is argued that the direction to include the stepbrother, William J. Gruhler, 'and his heirs,' shows an intention to the contrary. I think the testator did not mean to bestow upon brothers and sisters and their issue the character of heirs in every event, but merely to treat William J. Gruhler as a blood brother, entitled to take if brothers were within the class that was to take, but not to displace a superior class of heirs.

"It is also argued that William J. Gruhler and his heirs *must* be included among the heirs, no matter who else is thus included. But I do not see how he can be yoked with any persons but those within the class to which he is assimilated by the testator, to wit, brothers and sisters. The testator might have left a wife or adopted children or even had other children born to him. In what proportion is a brother to share with one or more children or grandchildren? There is no place in the intestate law for such a distribution.

"In this case, at the death of the testator, his heir was his son, George M. Hausman, and he will take under the general rule. The difference between the present case and Reilly's Estate, 5 D. & C. 425, is that in that case one of the gifts over in remainder was to the son in a certain event; which showed that in the alternative event the gift to the heirs was to exclude the son.

Hausman's Estate.

George M. Hausman died Dec. 17, 1924, and the award will, therefore, be to his personal representative."

*Sheldon F. Potter,* for exceptions; *R. M. Remick,* contra.

GEST, J., June 26, 1925.—We concur with the Auditing Judge in his disposition of this case, and, as the questions raised by the exceptions have been frequently discussed and decided by the Supreme Court, we do not consider it necessary to elaborate what has been said in the adjudication, but will only refer to Snyder's Estate, 25 Dist. R. 207, where a very similar will was construed by this court.

The exceptions are dismissed.

[The appeal of William L. Gruhler to the Superior Court was afterwards discontinued.]